**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


THOMAS AFFINITO,                  :
                                  :   Civil Action No. 05-5977 (JAG)
            Petitioner,           :
                                  :
       v.                         :          OPINION
                                  :
STATE OF NEW JERSEY,              :
                                  :
            Respondent.           :
                                  :
```

**APPEARANCES:**

Petitioner pro se                 Counsel for Respondent
Thomas Affinito                   Nancy A. Hulett
New Jersey State Prison           Middlesex Co. Prosecutor Ofc.
P.O. Box 861                      25 Kirkpatrick Street
Trenton, NJ 08625                 3rd Floor
                                  New Brunswick, NJ 08901

**GREENAWAY, JR.**, District Judge

 Petitioner Thomas Affinito, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The respondent is the State of New Jersey.

 For the reasons stated herein, the Petition must be dismissed without prejudice for lack of jurisdiction.

I.   BACKGROUND

After a jury trial, in the Superior Court of New Jersey, Law Division, Middlesex County, Petitioner was convicted of purposeful and knowing murder, N.J. Stat. Ann. §§ 11-3(a)(1) and (2); kidnapping, N.J. Stat. Ann. §§ 13-1(b)(1) and (2); and felony murder, N.J. Stat. Ann. § 11-3(a)(3).  On November 7, 1988, the trial court sentenced Petitioner to a term of life imprisonment with a 30-year period of parole ineligibility for the murder conviction and to a consecutive term of 25-years imprisonment for the kidnapping conviction.

On direct appeal, the Superior Court of New Jersey, Appellate Division, affirmed the conviction.  New Jersey v. Affinito, A-2443-88T4 (App. Div. 1991).  The Supreme Court of New Jersey denied certification on July 9, 1991.  See State v. Affinito, 126 N.J. 340 (1991).

On November 8, 1993, Petitioner filed his state court petition for post-conviction relief with the trial court.  Following an evidentiary hearing, the trial court denied relief on February 7, 1996.  See State v. Affinito, Ind. No. 455-5-85.  On March 24, 1998, the Appellate Division affirmed the denial of relief.  The Supreme Court of New Jersey denied certification on June 17, 1998.  See State v. Affinito, 156 N.J. 386 (1998).

On April 15, 1999, Petitioner filed his first federal petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

See Affinito v. Hendricks, Civil Action No. 99-2560 (JAG).[1] Petitioner asserted as grounds for relief ineffective assistance of pre-trial, trial, and appellate counsel in violation of his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution. By Opinion and Order entered September 17, 2001, this Court denied the petition on the merits.

The U.S. Court of Appeals for the Third Circuit granted a certificate of appealability as to the claim that Petitioner's trial counsel was ineffective in his investigation and presentation of the diminished capacity and the insanity defenses. See Affinito v. Hendricks, C.A. No. 01-2066. In a precedential opinion, the Court of Appeals affirmed, on the merits, this Court's denial of relief. See Affinito v. Hendricks, 366 F.3d 252 (3d Cir. 2004). On January 10, 2005, the Supreme Court of the United States denied certiorari. See Affinito v. Hendricks, 543 U.S. 1057 (2005).

---

[1] This Court will take judicial notice of its own docket and of the dockets of the state courts of New Jersey and the U.S. Court of Appeals for the Third Circuit in cases related to this Petition. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

This Petition followed. Petitioner asserts several claims for relief, including (1) deprivation of due process based upon trial court's failure to address the ineffectiveness of trial counsel, (2) ineffective assistance of trial counsel, (3) error by the Court of Appeals for the Third Circuit, and (4) deprivation of due process by jury instructions that improperly shifted the burden of proof. Respondent has answered asserting that the Petition is untimely and is barred as a second or successive petition. Petitioner, although accorded the opportunity, has not filed a reply. This matter is now ready for disposition.

## II.   ANALYSIS

As noted above, this is Petitioner's second federal habeas petition challenging his conviction for murder and related offenses. This fact requires this Court to consider whether this Petition is "second or successive" and, thus, whether this Court lacks jurisdiction to entertain it in the absence of an Order from the Court of Appeals for the Third Circuit permitting its filing. See 28 U.S.C. § 2244(b).

Section 2244, a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides, in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not

presented in a prior application shall be dismissed unless --

    (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)  (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

    ...

    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

    ...

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244(b).

Thus, Section 2244(b)(3) creates both procedural and substantive "gatekeeping" mechanisms for the consideration of "second or successive" habeas petitions.  See <u>Felker v. Turpin</u>,

5

518 U.S. 651, 657 (1996); In re Minarik, 166 F.3d 591, 599-600 (3d Cir. 1999). However, the phrase "second or successive" is not defined.

Prior to the passage of AEDPA, federal courts "employed a collection of equitable principles known as the 'abuse of the writ' doctrine to determine when a petition would be deemed abusive and thus barred from consideration on its merits." Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005) (citing United States v. Roberson, 194 F.3d 408, 410 (3d Cir. 1999)). Under the pre-AEDPA abuse-of-the-writ doctrine, a "successive petition" raised grounds identical to those raised and rejected on the merits on a prior petition, and was barred. See Sanders v. United States, 373 U.S. 1, 15-17 (1963). An "abusive" petition was one which raised claims that were available but not asserted in a prior petition or one in which the prisoner had engaged in other conduct that disentitled him to relief. Kuhlmann v. Wilson, 477 U.S. 436, 445 n.6 (1986) (plurality opinion) (citing Sanders, 373 U.S. at 17). See also McCleskey v. Zant, 499 U.S. 467 (1991).

The Court of Appeals for the Third Circuit has held that the gatekeeping provision of Section 2244 "replaced" the pre-AEDPA abuse-of-the-writ doctrine, but the doctrine remains viable to interpret the meaning of "second or successive." Benchoff, 404 F.3d at 816-17. However, reference to the abuse-of-the-writ

doctrine does not mean, in all circumstances, that a subsequent petition must be treated as a first petition unless it amounts to a pre-AEDPA abuse of the writ. See, e.g., Felker v. Turpin, 518 U.S. 651, 667 (1996) ("The Act also codifies some of the pre-existing limits on successive petitions, and further restricts the availability of relief to habeas petitioners."). If that were so, the substantive gatekeeping criteria of § 2244(b)(2) might never come into play.

Thus, a petition is not necessarily "second or successive" merely because it follows an earlier federal petition. For example, where a first petition was dismissed for failure to exhaust state remedies, a subsequent federal petition is not "second or successive." Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997). See also Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (Section 2244(b) does not bar subsequent petitions where initial petitions were dismissed "for technical or procedural deficiencies that the petitioner can cure before refiling"); Murray v. Greiner, 394 F.3d 78 (2d Cir. 2005) (same).

"If, however, a petition is resolved in a way that satisfies a petitioner's one 'full and fair opportunity to raise a [federal] collateral attack,' then it does count for purposes of § 2244(b)." Altman v. Benik, 337 F.3d at 766. Courts are in agreement that, where an initial federal petition has been denied on the merits, a subsequent petition attacking the same judgment

7

is "second or successive" within the meaning of § 2244.  See Luckett v. McDaniel, 213 F.3d 642 (9th Cir.) (unpubl.), cert. denied, 531 U.S. 891 (2000); In re Page, 170 F.3d 659 (7th Cir.), supplemented by, 179 F.3d 1024 (7th Cir. 1999), cert. denied, 528 U.S. 1162 (2000); Dunn v. Singletary, 168 F.3d 440 (11th Cir. 1999); Corraro v. United States, 152 F.3d 188, 191 (2d Cir. 1998); and U.S. v. Salemo, 2006 WL 1409743 (E.D. Pa. 2006).

Here, Petitioner's initial federal habeas petition was denied on the merits.  Thus, this Petition is "second or successive" within the meaning of § 2244 and this Court lacks jurisdiction to entertain it, absent authorization from the Court of Appeals.

If a "second or successive" habeas petition is filed in the district court without authorization from the appropriate court of appeals, the district court may dismiss for lack of jurisdiction or transfer the petition to the court of appeals, pursuant to 28 U.S.C. § 1631.  See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003). However, because § 2244(b) is effectively "'an allocation of subject-matter jurisdiction to the court of appeals,'" Robinson v. Johnson, 313 F.3d at 140 (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), a district court may dismiss such a petition only without prejudice.  See Ray v. Eyster, 132 F.3d 152, 155-56 (3d Cir. 1997).

Accordingly, this Court must determine whether transfer of this Petition to the Court of Appeals, for consideration as an application for leave to file a "second or successive" petition, would be in the interests of justice. None of the claims asserted in this Petition come within the substantive gatekeeping provisions of § 2244(b)(2). Therefore, it does not appear that Petitioner can establish grounds for filing a "second or successive" petition. See 28 U.S.C. 2244(b)(2).

This Court concludes that it would not be in the interests of justice to transfer this Petition. This Court will dismiss the petition for lack of jurisdiction rather than transfer it. The dismissal will be without prejudice to Petitioner's filing an application under § 2244(b)(3) in the Court of Appeals.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability shall issue.

IV.  CONCLUSION

For the reasons set forth above, the Petition must be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.


                                   S/Joseph A. Greenaway, Jr.
_____JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: November 29, 2006